Matter of Amir R. (David M.) (2020 NY Slip Op 06714)





Matter of Amir R. (David M.)


2020 NY Slip Op 06714


Decided on November 17, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: November 17, 2020

Before: Friedman, J.P., Renwick, Webber, González, JJ. 


Docket No. 32472/16 32473/16 Appeal No. 12379 Case No. 2019-05119 

[*1]In the Matter of Amir R., and Another, Children Under Eighteen Years of Age, etc., David M., III, Respondent-Appellant, Administration for Children's Services, Petitioner-Respondent.


Larry S. Bachner, New York, for appellant.
James E. Johnson, Corporation Counsel, New York (Julia Bedell of counsel), for respondent.
Janet E. Sabel, The Legal Aid Society, New York (Diane Pazar of counsel), attorney for the children.



Order of disposition, Family Court, Bronx County (Alma M. Gomez, J.), entered on or about October 1, 2019, to the extent it brings up for review a fact-finding order, same court and Justice, entered on or about August 12, 2019, which determined that respondent had neglected the subject children David M., IV and Amir R., unanimously affirmed, without costs.
Even assuming that the police records should have been admitted into evidence, unredacted, as a prior inconsistent statement for impeachment purposes, it does not change the ultimate determination here. For purposes of this child neglect case, the record shows that on December 4, 2016, respondent threatened the mother with violence, yelled at her and caused her to become so frightened as to try to pack immediately and leave, all while one or both of the children were present. In addition, on December 8, 2016, in the presence of David, respondent came to the mother's apartment when he was not authorized to be there, forced open the apartment door, and knocked her to the ground while David stood next to her. Moreover, on December 14, 2016, respondent entered the restaurant where the mother and David were, and punched her in the face knocking her to the floor while David was in his stroller. Such incidents of domestic violence amply support the court's findings of neglect (see Matter of Sincere L. [Romone L.], 183 AD3d 543 [1st Dept 2020]); Matter of J.R.M.-C. [Antonio M.], 176 AD3d 623 [1st Dept 2019]). Respondent offers no reason to question the mother's overall description of these episodes, and the court's determination that she was a credible witness is entitled to substantial deference on appeal (see Matter of Irene O., 38 NY2d 776, 777 [1975]); Matter of AnnMarie S.W. [Raheem Sandford W.], 160 AD3d 548 [1st Dept 2018]).
Respondent's argument that there was no evidence that either child was harmed, is unavailing. The argument ignores that their very proximity and exposure to the domestic violence created the imminent danger of harm to support the findings of neglect (see Matter of Bobbi B. [Bobby B.], 165 AD3d 587 [1st Dept 2018]; Matter of Angie G. [Jose D.G.], 111 AD3d 404 [1st Dept 2013]). Although Amir told the caseworker that he had not witnessed any altercations between his mother and respondent, he was in his bedroom with the door open during the incident of December 4th and observed his mother's bruises after the December 14th incident.
Respondent's arguments concerning his inability to impeach the caseworker with a copy of her case notes, are unavailing. While respondent was blocked from using his marked-up copy to try to impeach the caseworker during proceedings on December 6, 2017, he was permitted to resume his cross-examination of her on the next hearing date, by which time the caseworker had her notes available to refresh her recollection as to whether she observed injuries to the mother's face.
We decline to address respondent's claims concerning the attorney for the children's representation of both children, which were not raised before Family Court (see Matter of Carrieanne G., 15 AD3d 850 [4th Dept 2005], lv denied 4 NY3d 709 [2005]).
We have considered respondent's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 17, 2020